**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

**MARION W. TONEY,**

      **Plaintiffs,**

**v.**                                                              **Civil Action No:**  5:13-cv-25058
                                                              _____

**MULTIFRESH, INC.,**
**and EMPLOYERS'**
**INNOVATIVE NETWORK, LLC,**

      **Defendants.**

## <u>COMPLAINT</u>

Plaintiff alleges and states as follows:

1.    This is an action brought by the Plaintiff, Marion W. Toney to recover damages due and owing to him as a direct result of the Defendants' Multifresh Inc. and Employers' Innovative Network, LLC's violation of federal law known as the Fair Labor Standards Act for failure to pay minimum wage to employees pursuant to 29 U.S.C. 206, Fair Labor Standards Act, Section 6. This is an individual action, for money damages, liquidated damages equal to the amount owed, costs, injunctive relief and attorneys' fees and other relief as a result of Defendants' commonly applied policy and practice of designating Plaintiffs and other similarly situated employees who were not paid overtime in violation of federal and state wage and hour laws. Plaintiff brings this action in his individual capacity.

2.     At all times relevant and material hereto, Plaintiff Marion W. Toney. was a citizen and resident of Raleigh County, West Virginia and was employed by Defendant Multifresh, Inc.

3.     At all times relevant and material hereto, Employers' Innovative Network, LLC, was a West Virginia corporation and is qualified to do business and is doing business in Southern District of West Virginia, and further, Defendant Employers' Innovative Network, LLC, Inc. operates and maintains places of business in the Southern District of West Virginia and is within the jurisdiction of this Court. Further, Defendant Employers' Innovative Network, LLC is an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act. Further at all times relevant hereto the Defendant Employers' Innovative Network, LLC may have been a co-employee of a company known as Multifresh Inc.

4.     At all times relevant and material hereto, Multifresh, Inc., was a West Virginia corporation and is qualified to do business and is doing business in Southern District of West Virginia, and further, Defendant Multifresh, Inc. operates and maintains places of business in the Southern District of West Virginia and is within the jurisdiction of this Court. Further, Multifresh Inc. is an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act. Further at all times relevant hereto the Defendant Employers'

2

Innovative Network, LLC may have been a co-employee of a company known as Multifresh Inc.

5.    The United States District Court for the Southern District of West Virginia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the Federal Fair Labor Standards Act, 29 U.S.C. § 216(b).

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c), because the Defendants may be found in this district and the challenged conduct occurred in this state.

7.    At all times relevant and material hereto, Multifresh, Inc. and Defendant Employers' Innovative Network, LLC acted as co-employers of the plaintiffs with varying degrees of employer responsibility.

8.    That during the times set forth herein the plaintiff named herein physically worked at the location of Multifresh, Inc. and performed services for Multifresh, Inc.

9.    That during the same time period, or part thereof, Defendant Employers' Innovative Network, LLC was employed by Multifresh, Inc. to perform various human resource duties including, without limitation, payroll and benefit duties. (See **Exhibit A**, Contract between Defendants).

3

10.     At all times relevant and material hereto, Multifresh, Inc. and Defendant, Employers' Innovative Network, LLC were fully aware of the exact duties and responsibilities assigned to Plaintiff and therefore, knew or should have known they were illegally not being paid for hours worked.

11.     At all times relevant and material hereto, Multifresh, Inc. and Employers' Innovative Network, LLC were also fully aware of the law requiring payment for hours worked.

12.     Despite this knowledge, Multifresh, Inc. and Employers' Innovative Network, LLC were willfully, and or negligently, failing and refusing to correct its illegal actions, and to pay the Plaintiff for the time worked by deducting hours for lunches, which were not taken by the Plaintiff.

13.     In addition, during this time, Plaintiff frequently worked more than forty (40) hours each week, but, despite his non-exempt job duties, was never paid wages for hours actually worked in excess of forty (40) hours per week.

14.     Plaintiff Marion W. Toney, began employment and physically working with Multifresh, Inc. on April 20, 2007, and was continuously employed thereafter until the Plaintiff Marion W. Toney's employment was ended in February 2013.

15. Without limitation, Multifresh, Inc. and Defendant Employers' Innovative Network, LLC would make the following specific wage and hour violations.

    a. Deductions for lunch, even though the plaintiff was required to work through lunch.

    b. Failure to pay proper overtime wages.

16. Multifresh, Inc. and Defendant Employers' Innovative Network, LLC were in violation of both said Federal and State law, by failing to pay Plaintiff wages and benefits due and owing, which were earned by the Plaintiff.

## COUNT ONE

### INDIVIDUAL CLAIM FOR VIOLATION OF THE
### FAIR LABOR STANDARDS ACT

17. The preceding paragraphs are re-alleged, as if restated herein.

18. Based on the foregoing, Multifresh, Inc. and Defendant Employers' Innovative Network, LLC's conduct was a violation of the Federal Fair Labor Standards Act and entitles Plaintiff to compensation for all hours in which he was not paid for hours worked, overtime hours worked, liquidated damages, attorneys' fees and court costs.

### COUNT TWO

### VIOLATION OF THE WEST VIRGINIA
### WAGE PAYMENT AND COLLECTION ACT
### 21-5 et seq.

19. The preceding paragraphs are re-alleged, as if restated herein.

20.     This is an action brought by the Plaintiff on behalf of himself to recover damages due and owing to him as a direct result of the Defendants' violation of the "West Virginia Wage Payment and Collection Act" (hereinafter "W.Va. Act"), Chapter 21, Article 5, <u>et seq.</u>, West Virginia Code.

21.     The Plaintiff institutes these proceedings and invokes the jurisdiction of this Court to obtain wages due, liquidated damages, interest and any other legal or equitable relief as the Court deems appropriate, including general damages, as well as an award of reasonable attorney fees and costs all arising from Defendants' failure to compensate the Plaintiffs in violation of the W.Va. Act.

22.     This action is brought for individual claims of the named Plaintiff who was not paid wages or benefits due and owing him as a direct result of Multifresh, Inc. and Defendant Employers' Innovative Network, LLC violation of the W.Va. Act.

23.     It is the public policy of the State of West Virginia that every person, firm or corporation doing business in this State to pay wages due to employees, and the failure to so settle is contrary to the principles of freedom and equality of opportunity and is destructive to a free and democratic society.

24.     Whenever a person, firm or corporation discharges an employee, such person, firm or corporation shall pay the employee's wages in full within seventy-two (72)

6

hours or if a person resigns by the next pay period. **W. Va. Code § 21-5-4**.

25.   Multifresh, Inc. and Defendant Employers' Innovative Network, LLC, in violation of said W.Va. Act, failed to pay Plaintiff who is no longer employed as stated herein, wages due and owing, within seventy-two (72) hours which were earned by the Plaintiff or by the next pay period.

26.   As a direct and proximate result of Defendant's Multifresh, Inc. and Employers' Innovative Network, LLC's failure to pay the Plaintiff's wages in violation of said W.Va. Act, the Plaintiff is entitled to an award of the wages due, plus interest.

27.   As a direct and proximate result of Defendant's Multifresh, Inc. and Employers' Innovative Network, LLC's failure to pay the Plaintiff's wages in violation of said W. Va. Act, the Plaintiff is entitled, in addition to the actual wages, liquidated damages in an amount which was unpaid when due, for three times that unpaid amount as liquidated damages.  **W. Va. Code § 21-5-4(e)**.

28.   As a direct and proximate result of Defendant's Multifresh, Inc. and Employers' Innovative Network, LLC's failure to pay the Plaintiffs wages in violation of said W. Va. Act, the Plaintiffs are entitled to reasonable attorney fees and costs.

  ***WHEREFORE***, the Plaintiff demands:

  1.   Judgment against the Defendants for an amount equal to loss of all wages, plus interest;

7

2. Liquidated damages;

3. Attorney fees and costs; and

4. Such further equitable and legal relief as this Court deems just and proper.


**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**MARION W. TONEY**
By Counsel

*s/ J. Michael Ranson*

_____
**J. Michael Ranson State Bar # 3017**
**Cynthia M. Ranson State Bar # 4983**
RANSON LAW OFFICES
Post Office Box 3589
Charleston, West Virginia 25336-3589
jmr@ransonlaw.com
cmr@ransonlaw.com

**G. Patrick Jacobs, State Bar #1867**
JACOBS LAW OFFICE
7020 MacCorkle Avenue, SE
Charleston, WV 25304
pjacobs@bjblaw.com