IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

GREGORIO DELOSO, et al.,

        Plaintiffs,

MARION W. TONEY,

        Consolidated Plaintiff,

V.                             CIVIL ACTION NO. 5:12-cv-01165
                             (consolidated with 5:13-cv-25058)

MULTIFRESH, INC. and
EMPLOYERS' INNOVATIVE NEWTWORK, LLC,

        Defendants.

**AGREED JUDGMENT ORDER**

On this day, the parties appeared by counsel and informed the Court that the Plaintiffs, Gregorio P. DeLoso, Sr., Shane Duvigneaud, George T. Starr III and Marion Toney ("Plaintiffs"), and the Defendants, Multifresh, Inc., and Employers' Innovative Network LLC ("Defendants") (collectively, the "Parties") have resolved all issues between them in this civil action. The parties informed the Court that a compromise between the Plaintiffs and Defendants has been reached, under which the Defendants will agree to the terms more fully set forth in the parties' written Confidential Settlement Agreement.

The parties requested that this Court approve the terms of the Confidential Settlement Agreement. Claims for unpaid wages arising under the Fair Labor Standards Act ("FLSA") may be settled or compromised only with the approval of the District Court or the Secretary of Labor. *Tayfor v. Progress Energy, Inc.,* 493 F.3d 454, 460 (4th Cir. 2007). The factors courts typically consider in determining whether a proposed settlement of FLSA claims is fair and reasonable include: (i) the extent of discovery that has taken place; (ii) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (iii) the absence of fraud or collusion in the settlement; (iv) the experience of counsel who have represented the plaintiff; and (v) the probability of plaintiffs' success on the merits and the amount of settlement in relation to potential recovery. *Bosley v. Dolgencorp, Inc.,* 2:09-CV-43, 2011 WL 124501 (N.D.W. Va. Jan. 13, 2011).

The Court finds that discovery has been completed, there is no fraud or collusion, settlement is in all parties' best interest fiscally, based on the nature of litigation and the uncertainty of trying a case before a jury, and that settlement at the designated amount is fair and reasonable.

It is agreed by the parties that the Plaintiff may record this Agreed Judgment Order against the Defendant, Multifresh. So long as the Defendant, Multifresh, is in compliance with the payment terms set forth in the Confidential Settlement Agreement, the Plaintiffs agree not to execute on the judgment granted herein. In the event that the Defendant, Multifresh, complies with the payment terms set forth in the Confidential Settlement Agreement, then this Agreed Judgment shall be deemed to have been satisfied. In the event that the Defendants do not comply with the payment terms set forth in the Confidential Settlement Agreement, then the Plaintiffs shall

have the legal right to execute forthwith on this judgment for any unpaid balance. In addition, if the Plaintiffs have to execute on the judgment, they shall be entitled to their costs, attorney fees and interest related to said execution and the agreement of the parties.

Based upon the foregoing stipulations and agreement of the parties, and this Court's conclusion that the settlement of the FLSA claims is fair and reasonable based upon the promulgated factors, the Court hereby approves the parties' agreement, and **IT IS, ACCORDINGLY, ORDERED** that the Plaintiff is granted judgment against the Defendant, Multifresh, in the amount of **$20,000.**

**IT IS FURTHER ORDERED** that the above styled matter be **dismissed, with prejudice.**

ENTER: July 30, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA